IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD NELLSON,           )<br>           Plaintiff,           )<br>                                        )<br>v.                                      )<br>                                        )<br>                                        )<br>GARY PETRY, et al.           )<br>           Defendant.           )<br>                                        ) | CASE NO: CIV-20-562-F |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, Edward Nelson files this Motion pursuant to Rule 15 of the Federal Rules of Civil Procedure, requesting that this Court grant leave to amend their Complaint simply to correct a naming error. In support thereof, the Plaintiff states:

**PROCEDURAL POSTURE**

Plaintiff filed his Original Complaint, which has not been amended. (ECF 1.)

**STATEMENT OF LAW**

Pursuant to Fed. R. Civ. P. 15(a), a party seeking to amend its complaint after it has previously amended the complaint, or after a responsive pleading has been filed, may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Reeder v. Am. Econ. Ins. Co., 88 F.3d 892, 896 (10th Cir. 1996) (quoting Fed. R. Civ. P. 15(a) (internal quotation marks omitted)). Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," leave

to amend "should be freely given." <u>Hall v. United Ins. Co. of America</u>, 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.26 222 (1962) and Fed. R. Civ. P. 15(a)). Significantly, "[g]enerally, leave to amend should be freely granted." <u>Moya v. Garcia</u>, 895 F.3d 1229, 1239 (10th Cir. 2018).

## ARGUMENT

This Court should grant Plaintiffs' Motion because there is no substantial reason not to and the Defendants are not prejudiced by the filing. There is no scheduling order in this case, no deadlines will require modification, and no party will be prejudiced. Plaintiffs are merely correcting a misidentified first name of a Defendant to perfect service.

Because there is no prejudice to Defendants in permitting Plaintiff to amend his Complaint and because the Amended Complaint, attached at Exhibit 1 to this Motion, is not futile, this Court should grant Plaintiff's Motion to Amend his Complaint. See <u>Moya</u>, 895 F.3d at 1239.

## CONCLUSION

WHEREFORE, based upon the foregoing, Plaintiff respectfully request that this Court grant this Motion, permit Plaintiff to Amend his Complaint, and grant such other and further relief as is just and proper.

Respectfully submitted this 2nd day of June, 2022.

*/s/ Dallas S. LePierre*
Dallas S. LaPierre
FL Bar No. 101126
*Pro Hac Vice*

**HDR, LLC**.
44 Broad Street NW, Suite 200
Atlanta, GA 30303
Tel. (404) 254-0442
Fax (404) 935-9391
dlepierre@hdrattorneys.com