IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWARD NELLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-20-562-F |
| | ) | |
| GARY PETRY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND HIS COMPLAINT (DOC. 108)
WITH BRIEF IN SUPPORT**

In March 2022, this Court directed Plaintiff to effectuate proper service of process on Defendant Dr. Petry by May 2, 2022. Now, approximately one month after that deadline has passed, Plaintiff seeks leave to file a second amended complaint to correct Dr. Petry's misspelled first name from "Gary" to "George" (Doc. 108). But Dr. Petry has repeatedly identified this misspelling in prior filings and has never relied on his misspelled first name to evade service of process or to circumvent his participation in this litigation. Plaintiff's superfluous request creates further delay in this case. Indeed, it is nothing more than a thinly veiled attempt to, yet again, extend his service deadline. Because Plaintiff has still failed to serve Dr. Petry, his request should be denied, and this case should be dismissed.

## Background

Plaintiff Edward Nellson, Federal Register Number 31408-007, is confined at United States Penitentiary (USP) Terre Haute in Terre Haute, Indiana where he is serving

1

a life sentence. Complaint for Monetary Damages and Injunctive Relief (Doc. 1 at 1); *see also* Federal Bureau of Prisons ("BOP") Inmate Locator (*available at* https://www.bop.gov/inmateloc/). On March 22, 2020, Plaintiff's attorney filed a Complaint for Monetary Damages and Injunctive Relief (Doc. 1) in the United States District Court for the District of Columbia. Plaintiff brought *Bivens* claims against seventeen individuals working for the Federal Bureau of Prisons ("BOP"). *Id*. On June 12, 2020, Plaintiff's claims against Dr. Petry were transferred to the Western District of Oklahoma. (Doc. 43 at 2). On October 12, 2020, Plaintiff filed an Amended Complaint (Doc. 58) seeking money damages in excess of $100,000,000.00 alleging inadequate medical treatment in violation of the Eighth Amendment after Plaintiff fell out of his upper bunk in his cell at the Federal Transfer Center ("FTC") in Oklahoma City. *Id*. at 3 & 16. The Individual Defendants and the United States moved to dismiss the Amended Complaint (Docs. 83 & 84).

On March 2, 2022, the Honorable Judge Maxfield-Green found that Plaintiff failed to effect service upon Dr. Petry (Doc. 96 at 12) and recommended that Plaintiff receive adequate time to do so or risk Dr. Petry's dismissal from this case. On March 21, 2022, the Honorable Judge Friot directed Plaintiff to effectuate proper service of process on Defendant giving Plaintiff approximately 6 weeks to do so until May 2, 2022 (Doc. 97). Plaintiff has yet to serve Dr. Petry. Plaintiff now seeks leave to amend his complaint (Doc. 108). For various reasons, this request should be denied.

**I.      Plaintiff cannot circumvent or extend the court's deadline to serve Dr. Petry by filing an amended complaint**

### A. The service deadline is extended only for "newly added" defendants

"[T]he [90]–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148–49 (10th Cir. 2006). This restriction makes good practical sense, and is intended to prevent the type of rule circumvention Plaintiff attempts here:

> This construction of the rule prevents the plaintiff from repeatedly filing amended complaints "to extend the time for service indefinitely," *Del Raine v. Carlson,* 826 F.2d 698, 705 (7th Cir.1987). In particular, if we read Rule 4(m) to refer to the most recently filed version of the complaint, regardless of whether the defendant to be served was newly added, dilatory plaintiffs could evade the rule's time deadline by taking advantage of the opportunity under Fed.R.Civ.P. 15(a) to amend the complaint once as of right before a responsive pleading is served; a plaintiff who had never bothered to serve any defendant could avoid altogether the original 120–day deadline simply by filing an amended complaint when it felt like effecting service. Accordingly, we read "service ... upon a defendant within 120 days after the filing of the complaint," Rule 4(m), to refer to filing of the first version of the complaint naming the particular defendant to be served.

*Id.*

### B. Dr. Petry is not a "newly added" defendant

Dr. Petry has never attempted to avoid service or otherwise respond to this lawsuit simply because his first name was misspelled in Plaintiff's initial (Doc. 1) and amended (Doc. 58) complaints. Indeed, Plaintiff's service deficiencies were first identified by the BOP in February 2021. *See* Motion to Reconsider at 27 (Doc. 70). Shortly thereafter, this Court ordered Dr. Petry's response to the Amended Complaint. Order granting Motion to Reconsider (Doc. 72) (also ordering Defendants to file an answer or dispositive motions within 60 days of the order and raise any service issues at that time). Not only did Dr.

Petry comply with the Court's Order, but throughout this case he has repeatedly identified the misspelling of his first name. *See, e.g.*, Entry of Appearance at n. 1 (Doc. 77) (explaining that "Defendant Gary Petry" is "Dr. George Petry"); Motion for Extension of Time at n. 1 (Doc. 78) (same); Motion for Leave to File Oversized Brief (Doc. 80) (referencing "George Petry); Order Granting Leave to File Oversized Brief (Doc. 81) (referencing "George Petry");  U.S. Notice of Substitution at 2 (Doc. 82) (referencing "George Petry"); Scope of Employment Certification at n. 1 (Doc. 82-1) (explaining that "Defendant Gary Petry" is "Dr. George Petry"); Motion to Dismiss at 11 (Doc. 84) (referencing "George Petry").

And in Plaintiff's response to Defendants' Motion to Dismiss (Doc. 90 at 1), he correctly referred to Dr. Petry as "Defendant [ ] George Petry". Plaintiff's proposed amendments do not classify Dr. Petry as a "newly added" defendant and cannot be used to alter the timing of his already deficient service of process.  Additionally, because this Court has ruled that service of process must be effectuated as to Dr. Petry (Docs. 96 & 97), any attempts by Plaintiff to further delay this proceeding or to restart the clock for service of process should not be entertained.

### C. Because Dr. Petry is not a "newly added" defendant, there is no need to amend the complaint

While leave to amend should be "freely give[n]", Fed. R. Civ. P. 15(a)(2), the Court may refuse such requests "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment." *Wilkerson v. Shinseki,* 606 F.3d 1256, 1267

4

(10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005)). Additionally, if the party seeking amendment "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone is reason to deny leave to amend, particularly when there is no "adequate explanation" for the delay. *Id*. (affirming district court's dismissal of motion to amend because it was filed four months after the court's deadline to amend and because the plaintiffs knew or should have known long before that Northwestern Bell was a possible defendant). While no scheduling order has been entered in this case, Plaintiff's "untimeliness" appears in the failure to abide by the timeline to serve Defendant and is alone a reason to deny his request.  As explained supra, Plaintiff has known since February 2021 that service of process was at issue.  Additionally, beginning in June 2021, Dr. Petry repeatedly identified the misspelling of his first name. Now, approximately one year later, Plaintiff seeks to amend his complaint for a second time to correct this issue.

Plaintiff knew or should have known about this issue when he filed his initial complaint in March 2020 or the amended complaint in October 2020.  But even if Plaintiff was unaware of Dr. Petry's first name during this timeframe, he was put on notice of this deficiency last June after Defendants' repeated references in no less than seven separate Court filings.  Indeed, Plaintiff himself acknowledged this incorrect spelling when responding to Defendants' Motion to Dismiss.  It seems that this delayed request is made

5

with a dilatory motive to further delay this proceeding and to provide some explanation for Plaintiff's continued failure to serve Dr. Petry.

Importantly, this amendment is not necessary for Plaintiff to effectuate service of process. Indeed, Court's routinely adjudicate cases where a party's name may be misspelled, but there is no mistake as to the actual entity or individual involved in the litigation. *See, e.g.*, *Sakrekov v. Grismer*, No. CIV-12-130-W, 2013 WL 628679, at *1 n. 2 (W.D. Okla. Jan. 14, 2013)(noting that the plaintiff misspelled the defendant's name in the Amended Complaint with the Court identifying the defendant by the proper spelling); *report and recommendation adopted,* No. CIV-12-130-W, 2013 WL 627335 (W.D. Okla. Feb. 20, 2013).[1] The same is true here where Dr. Petry has repeatedly identified this error and continues to actively participate in this litigation.

### D. Plaintiff's request includes a party previously dismissed

Finally, Plaintiff seeks to file a second amended complaint which identifies a party already dismissed from this proceeding – Defendant Theresa Stenmark. This Court dismissed Defendant Stenmark in March 2022 (Doc. 96 & 97). Plaintiff cannot file an

---

[1] *See also Krueger v. Bd. of Cty. Comm'rs for Wagoner Cty., Okla.*, No. CIV-21-044-RAW, 2022 WL 988312, at *1 n. 3 (E.D. Okla. Mar. 31, 2022)(noting that plaintiffs misspelled a defendant's name in the caption of the case); *Davis v. Clifford*, No. 13-CV-1642-WJM-KLM, 2014 WL 901608, at *1 n. 1 (D. Colo. Mar. 7, 2014)(noting that the police sergeant's last name was misspelled in the complaint); *Gibson v. Zavaras*, No. 09-CV-02328-WYD-KLM, 2010 WL 3790994, at *1 n. 1 (D. Colo. Aug. 10, 2010) (noting that defendant's last name was misspelled and while plaintiff used various spellings for the defendant, the Court followed the consistent spelling used by Defendants), *report and recommendation adopted,* No. 09-CV-02328-WYD-KLM, 2010 WL 3790894 (D. Colo. Sept. 22, 2010); *Tinnin v. Lesner*, No. 20-CV-03460-STV, 2021 WL 2853275, at *1 n. 1 (D. Colo. July 7, 2021)(noting that while the defendant's name was misspelled in the Amended Complaint, the Court used the correct spelling in its Order).

Amended Complaint once again including Nurse Stenmark as a defendant in this case. Her involvement has already been adjudicated by this Court, and any request to include Defendant Stenmark in an amended complaint should be denied.

## Conclusion

Plaintiff has exceeded the Court's extended six-week service deadline by four additional weeks. Additionally, his request to amend comes approximately one year after Dr. Petry identified his first name as being misspelled. But Dr. Petry has never attempted to evade service or refused to respond to this lawsuit simply because of this misspelling. Plaintiff's dilatory request appears to be an attempt to further delay this proceeding and to provide additional explanations for his failure to serve Dr. Petry. His request should be denied, and this case should be dismissed.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*/s/ Rebecca A. Frazier*
REBECCA A. FRAZIER
Okla. Bar No. 22285
Assistant U.S. Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK  73102
(405) 553-8804/8700
Rebecca.frazier@usdoj.gov
